[Cite as *State v. Fusco*, 2026-Ohio-2404.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,              :

                                 No. 115029

    v.                               :

ANDREW FUSCO,                           :

    Defendant-Appellant.             :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 25, 2026

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-24-693354-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Erica Sammon, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Michael V. Wilhelm, Assistant Public Defender, *for appellant*.

ANITA LASTER MAYS, J.:

{¶ 1} Defendant-appellant Andrew Fusco ("Fusco") appeals his convictions and sentence following a guilty plea arising from a four-count indictment relating to

a group motorcycle street takeover.  After a review of the record, we affirm Fusco's convictions.

## I.    Procedural History

{¶ 2}    On July 9, 2024, a Cuyahoga County Grand Jury returned a four-count indictment against Fusco following a large-scale motorcycle street takeover on Detroit Road.  The underlying incident involved a group of motorcyclists occupying multiple lanes of traffic, during which Fusco stopped and then accelerated, dragging and injuring Cleveland Police Officer Petitt.

{¶ 3}    On February 20, 2025, Fusco pleaded guilty to an amended Count 1, vehicular assault, R.C. 2903.08(A)(2)(b), a fourth-degree felony, and Count 3 as charged, failure to comply with the order or signal of a police officer, R.C. 2921.331(B), a third-degree felony. Counts 2 and 4, felonious assault under R.C. 2903.11(A)(2) and obstructing official business under R.C. 2921.31(A), respectively, were nolled.

{¶ 4}    The matter proceeded to sentencing on March 27, 2025.  Prior to imposing sentence, the trial court reviewed a presentence-investigation report and viewed Real Time Crime Camera ("RTCC") and Cleveland Police body-camera video footage.  The court also received a victim-impact statement from Officer Petitt regarding the severe daily impact of his injuries.  In mitigation, defense counsel argued that Fusco was remorseful, had experienced a temporary lapse in judgment by following a "mob," and had maintained stable employment at Lincoln Electric for six years.

{¶ 5} Fusco was sentenced to an 18-month prison term on amended Count 1 and a 24-month term on Count 3. Pursuant to law, the sentences were ordered to run consecutively, for an aggregate prison term of three and one-half years. In determining the sentence, the trial court explicitly noted on the record that this incident marked Fusco's fifth conviction for failing to comply with police orders and that he had actively violated the terms of his court-supervised release while the case was pending. Fusco was granted jail-time credit, found indigent, and advised of postrelease control. A timely notice of appeal was subsequently filed, and appellate counsel was assigned.

{¶ 6} Appellant's counsel filed a motion for leave to withdraw as counsel and brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). *Anders* held that where, after a conscientious examination of the case, appellate counsel is unable to find any meritorious issues for review, counsel may inform the court and request permission to withdraw. The request must be "accompanied by a brief referring to anything in the record that might arguably support the appeal." *Id.* at 744. A copy of the brief should be furnished to the indigent, and time should be allowed for the indigent to raise any points that he or she chooses. "[T]he court — not counsel — then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous." *Id.* "If it so finds, it may grant counsel's request to withdraw and dismiss the appeal . . . ." *Id.* If the appellate court determines that one or more legal points have merit, the defendant will be afforded counsel to argue the appeal.

{¶ 7} Counsel contended that after a conscientious examination of the case, there were no meritorious issues for review. The *Anders* motion was referred to the merit panel for decision, and the matter was submitted on the briefs. Fusco was served with the motion and brief and advised of the right to file a pro se brief in the case but did not do so.

{¶ 8} After an independent review of the record, this court permitted original appellate counsel to withdraw and appointed new appellate counsel. The second appointed appellate counsel filed a motion and brief requesting to withdraw as counsel pursuant to *Anders.* Appellate counsel stated he had conducted a complete and conscientious review of the entire record and moved to withdraw having determined that the appeal presented no nonfrivolous issues for review.

{¶ 9} We note that the second appointed appellate counsel's *Anders* filing suffered from a procedural defect, because counsel failed to properly serve appellant with a copy of the brief and motion to withdraw. However, this court subsequently intervened, conducted an independent review of the record, permitted the second counsel to withdraw, and appointed a third, new appellate counsel to protect Fusco's appellate rights.

{¶ 10} Appellant, through his third assigned counsel, raises a sole assignment of error for our review:

> Trial counsel was ineffective for failing to provide context for the video that was shown during sentencing, prejudicing Mr. Fusco.

## II. Law and Analysis

{¶ 11} Claims of ineffective assistance of counsel are evaluated under the two-pronged standard established in *Strickland v. Washington*, 466 U.S. 668 (1984), and adopted by the Supreme Court of Ohio in *State v. Bradley*, 42 Ohio St.3d 136 (1989). To succeed, a defendant must demonstrate both that counsel's performance fell below an objective standard of reasonableness and that this deficiency prejudiced the defense. *Id.* at paragraph two of the syllabus; *Strickland* at 687. Because a defendant must satisfy both prongs, the failure to establish either deficiency or prejudice is fatal to the claim.

{¶ 12} Under R.C. 2929.19(A) and 2951.03(A)(1), a trial court is statutorily permitted to consider all information relevant to the offense at sentencing, including video evidence, regardless of whether a defendant pleads to reduced charges. *State v. Bowser*, 2010-Ohio-951, ¶ 14 (2d Dist.). Furthermore, because both offenses to which Fusco pleaded guilty (R.C. 2903.08(A)(2)(b) and 2921.331(B)) require elements of serious physical harm or a substantial risk thereof, the video directly substantiated the statutory charges.

{¶ 13} Given Fusco's history of four prior failure-to-comply convictions and his bond violations, there is no reasonable probability that an objection or additional context by counsel would have altered the consecutive sentencing framework mandated by R.C. 2921.331(D). Thus, appellant cannot establish prejudice under *Strickland v. Washington*.

{¶ 14} Accordingly, Fusco's assignment of error is overruled.

{¶ 15} The trial court's judgment entry is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

EILEEN T. GALLAGHER, P.J., and
MARY J. BOYLE, J., CONCUR